**ORION IP, LLC, Plaintiff–Appellee,**

v.

**HYUNDAI MOTOR AMERICA, Defendant–Appellee,**

v.

**Jonathan Lee Riches, Movant–Appellant.**

**No. 2012–1432.**

United States Court of Appeals, Federal Circuit.

Sept. 20, 2012.

Andrew W. Spangler, Esq., Spangler Law P.C., Longview, TX, for Plaintiff–Appellee.

Gene C. Schaerr, Winston & Strawn LLP, Washington, DC, for Defendant–Appellee.

Jonathan Lee Riches, Brooklyn, NY, pro se.

Before BRYSON, MOORE and O'MALLEY, Circuit Judges.

**ORDER**

PER CURIAM.

Jonathan Lee Riches appeals the United States District Court for the Eastern District of Texas's denial of his motion to intervene. The court considers whether to dismiss this appeal for lack of jurisdiction.

On May 10, 2010, the district court denied the appellant's motion to intervene in this patent infringement case, noting that "Riches present[s] no evidence or reasoning for why [he has] an interest in this closed case." The court further enjoined Riches "from submitting for filing any document(s), pleading(s), or letter(s) . . . in any case to which Jonathan Lee Riches is not a named party" absent specific additional submissions. The court received Riches's notice of appeal on June 4, 2012, more than 2 years after the denial of his motion to intervene.

To challenge the district court's order denying his motion for leave to intervene, the appellant should have filed a notice of appeal within 30 days of that order. *See Stringfellow v. Concerned Neighbors In Action,* 480 U.S. 370, 377, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987) (explaining that an order denying a motion for leave to intervene is subject to immediate review); *see also* Fed. R.App. P. 4(a)(1)(A) ("[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). Because this appeal was filed outside the statutory deadline for tak-

---

**3.** We have considered the several procedural arguments raised by Mr. Cunningham and have found them to be without merit.

ing an appeal to this court, we must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.